Richard L. Stubbs, ISB No. 3239
PERKINS, MITCHELL, POPE & MCALLISTER LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: service@perkinsmitchell.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE FORBES<br><br>Defendant. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Continental Casualty Company, by and through its counsel of record, the law firm of Perkins, Mitchell, Pope, & McAllister, LLP, and complains and alleges as follows:

**I.
PARTIES, JURISDICTION AND VENUE**

1. Continental Casualty Company ("Continental") is and at all relevant times was an Illinois corporation with its principal place of business in the State of Illinois and duly authorized to transact business in the State of Idaho.

2. Defendant George Forbes is a citizen of the State of Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

3. The Court has jurisdiction over this claim pursuant to 28 U.S.C. Section 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

4. This Court also has jurisdiction of this claim and is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. Section 2201, implemented through Rule 57 of the Federal Rules of Civil Procedure, and pursuant to Idaho Code Section 5-514, in that Continental contracted to insure George Forbes in the State of Idaho.

## II.
## STATEMENT OF FACTS

5. Continental issued a Personal Catastrophe Liability Policy to George Forbes under Policy Number CGP 223471070 for the Policy Period of November 1, 2020 to November 1, 2021("the Policy).  A true and accurate copy of the Policy is attached hereto as Exhibit "A."

6. The Policy issued by Continental provided insurance coverage for George Forbes under certain terms, conditions, definitions, exclusions, and limits.

7. The Policy provides, in part, that it will pay all sums up to the policy limit in excess of the required underlying insurance which an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance applies, but that it would have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance does not apply.

8. The Policy further provides that Continental will defend "any claim or suit" for damages arising from an occurrence covered by the Policy, with certain exceptions.

9. As set forth on both the Declarations Page and within the body of the Policy coverage is provided in excess of "required underlying insurance."

10. The Schedule of Underlying Insurance does not contain a reference to either a Business policy or a Landlord policy.

11. The Policy contains a "business pursuits" exclusion which provides that Continental will not pay for or defend any claim or suit which results from "bodily injury" or "property damage" or "personal and advertising injury" arising out of or in connection with a business pursued by an insured.

12. None of the exceptions to the "business pursuits" exclusion are applicable to the subject incident involving Madison Hegerman.

13. Continental is informed and believes that on or about May 1, 2021, Madison Hegerman had been a tenant of a rental property owned by George Forbes for five years which he rented out for profit to Ms. Hegerman.

14. Continental is informed and believes that on or about May 1, 2021, Madison Hegerman was in the front yard of the rental property when an overhead branch fell and landed on Ms. Hegerman, causing her serious physical injuries, including quadriplegia ("the Accident").

15. George Forbes has tendered defense and indemnity of the claim to Continental on the basis that he believes that Madison Hagerman will bring a lawsuit against Mr. Forbes for her injuries.

## III.
## CLAIM FOR DECLARATORY JUDGMENT

16. Paragraphs 1 – 15 are incorporated by reference as if set forth in full.

17. George Forbes has demanded that Continental defend Mr. Forbes against Madison Hegerman's claims and pay any judgment that may be rendered within policy limits. Continental has issued George Forbes a disclaimer of coverage.

18. Any and all defense and indemnity obligations inuring to the benefit of George Forbes are subject to the terms, conditions, limits, and exclusions set forth in Continental's Policy, including, without limitation, an exclusion for claims arising out of the insured's business pursuits.

19. The Continental Policy does not provide insurance coverage for the Accident involving Madison Hegerman that occurred at George Forbes' rental property.

20. Continental has no duty to indemnity and no obligation to make payment on behalf of George Forbes for claims arising out of Madison Hegerman's Accident.

21. Continental has no duty to defend George Forbes against any allegations made by Madison Hegerman arising out of the Accident.

22. An actual, real and substantial controversy exists involving Continental and George Forbes with respect to their conflicting claims and legal relations.

23. Pursuant to 28 U.S.C. Section 2201, Continental is entitled to a determination by the Court that there is no coverage under the Policy for the claims of Madison Hegerman against George Forbes.

## IV.
## RESERVATION

Continental expressly reserves all rights to rely upon terms, conditions, definitions, and exclusions in the Continental Policy not identified above in seeking its declaratory relief herein.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Continental Casualty Company requests the following relief:

1. A declaration by reason of the terms and conditions of the Policy and of the facts herein alleged that coverage is not afforded by the Policy issued and delivered by Continental Casualty Company to George Forbes, designated as the named insured in the Policy's declarations, and that the Court declare that Continental Casualty Company does not have a duty to defend George Forbes against claims by Madison Hegerman, and that Continental Casualty Company should not have a duty to indemnify Mr. Forbes or to pay any judgment in an action brought against Mr. Forbes by Ms. Hegerman, and further requests that Continental Casualty Company receive an award of costs as is equitable and just.

2. Such other and further relief as this Court deems just and equitable.

## VI.
## JURY DEMAND

Continental Casualty Company demands a trial by not fewer than six jurors as to all issues.

DATED this __23rd__ day of September, 2021.

                                                           PERKINS, MITCHELL, POPE & MCALLISTER LLP

                                        By:/s/Richard L. Stubbs_____
                                            Richard L. Stubbs, of the Firm
                                            Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the __23rd__ day of September, 2021, I electronically filed the foregoing COMPLAINT AND DEMAND FOR JURY TRIAL with the Clerk of the Court, using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

| | | |
|---|---|---|
| George M. Forbes | [X] | U.S. Mail, postage prepaid |
| 1301 N. 23rd Street | [ ] | Hand-Delivered |
| Boise, ID 83702 | [ ] | Overnight Mail |
| *Defendant* | [ ] | Facsimile (208) 525-5288 |
| | [ ] | ICourt/E-Filing |

                                                        /s/Richard L. Stubbs
                                                           Richard L. Stubbs